ELLEN J. WINOGRAD
Nevada State Bar No. 815
KELSEY E. GUNDERSON, ESQ.
Nevada State Bar No. 15238
**WOODBURN AND WEDGE**
6100 Neil Rd, Ste. 500
Reno, NV 89511
Tele: (775) 688-3000
Fax: (775) 688-3088
ewinograd@woodburnandwedge.com
kgunderson@woodburnandwedge.com
*Attorneys for Defendant*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MELINDA HOMAN, an individual;<br><br>Plaintiff,<br>vs.<br><br>LITTLE PEOPLES HEAD START OF NEVADA d/b/a and a/k/a LITTLE PEOPLE'S HEAD START; EMPLOYEE(S)/AGENT(S) DOES I-X; and ROE CORPORATIONS XI-XXX, inclusive,<br><br>Defendants. | Case No.<br><br>Dept. No. |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, LITTLE PEOPLE'S HEAD START OF NEVADA ("LPHS"), hereby removes this action to the United States District Court and in support thereof, states as follows:

1.  MELINDA HOMAN ("Plaintiff") filed her Complaint on May 27, 2020 in the Eighth Judicial District Court in and for the County of Clark. LPHS was served with the Complaint on July 9, 2020. On July 10, 2020, Plaintiff filed the First Amended Complaint with Jury Demand (the "First Amended Complaint"). All documents filed in the Eighth Judicial District Court are filed herein as Exhibit 1.

2.  The Notice for Removal is filed within 30 days of service on LPHS and is timely, pursuant to 28 U.S.C. § 1446(b).

3. LPHS is the only named defendant in the Complaint. Defendant is unaware of the existence of or service upon any "Doe" defendant; consequently, no further consent to removal is required. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190. 1193 n.1 (9th Cir. 1988); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 in that it arises under the Constitution, laws or treaties of the United States, specifically, as pleaded by the Plaintiff, 42 U.S.C. §§ 12101 *et seq.* (popularly known as the Federal Americans with Disabilities Act "ADA"). As such, this action may be removed to this Court under 28 U.S.C. § 1441(b).

5. Federal question jurisdiction is pleaded by the Plaintiff's allegations and this matter is properly removed to Federal Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. This is an action that "arises under" federal law and federal statute that is specifically pleaded as one or more essential elements of the Plaintiff's claim for relief. This case may be removed without regard to either the citizenship of the parties or the amount in controversy.

6. Plaintiff's First Amended Complaint pleads four causes of action. Tortious Discharge, Violation of the American's Disability Act (42 U.S.C. § 12101 et seq.), Retaliation (42 U.C.S. § 12203 and NRS 613.340), and Negligent Hiring, Training, Supervision and Retention.

7. Paragraphs 2, 12, 13, 56, 58, 59, 61 and 71 of the Plaintiff's First Amended Complaint alleges facts that establish jurisdiction based upon 42 U.S.C. § 12101 *et. seq.*

8. Therefore, questions of Federal Law are pleaded by the Plaintiff to be addressed in this litigation.

9. Where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

10. This Court has original jurisdiction and supplemental jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 1367(a).

11. Less than one year has elapsed from the date Plaintiff filed this action in state court.

12. Venue is proper in the United States District Court for the District of Nevada

pursuant to 28 U.S.C. § 1441(a) because this district embraced the place where the state court action was pending and the alleged acts or omissions occurred in Ely, Nevada.

13. Pursuant to 28 U.S.C. § 1446(a), LPHS has annexed all process, pleadings and orders served upon them, which are described above, and which are annexed hereto as Exhibits 1 - 4.

14. Pursuant to 28 U.S.C. § 1441 (c), a true copy of the original Notice for Removal has been filed concurrently with the Eighth Judicial District Court, Clark County and served upon the Plaintiff.

15. LPHS reserves the right to supplement this Notice for Removal if additional information becomes available, or is requested by this Court. LPHS further reserves all rights including, but not limited to, defenses and objections as to venue, personal jurisdiction, and service. The filing of this Notice for Removal is subject to all available defenses and without waiver of any defense or objection.

16. LPHS respectfully requests that the United States District Court for the District of Nevada accept this Notice of Removal and that it assume jurisdiction of this cause and issue such further orders and processes as may be necessary to bring before it all parties necessary.

DATED this 28 day of July, 2020.

WOODBURN AND WEDGE

Ellen J. Winograd, Esq.
Nevada Bar 815
Kelsey E. Gunderson, Esq.
Nevada Bar 15238

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing NOTICE OF REMOVAL was made through CM/ECF or, as appropriate, by sending a copy thereof by first-class mail from Reno, Nevada, addressed as follows:

Christian Gabroy, Esq.
Nevada State Bar No. 8805
Kaine Messer, Esq.
Nevada State Bar No. 14240
GABROY LAW OFFICES
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, NV 89012
Tel: (702) 259-7777
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

DATED this 28th day of July, 2020.

_____
Samantha Zysman

- 4 -