ELLEN J. WINOGRAD
Nevada State Bar No. 815
KELSEY E. GUNDERSON, ESQ.
Nevada State Bar No. 15238
**WOODBURN AND WEDGE**
6100 Neil Rd, Ste. 500
Reno, NV 89511
Tele: (775) 688-3000
Fax: (775) 688-3088
ewinograd@woodburnandwedge.com
kgunderson@woodburnandwedge.com
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

MELINDA HOMAN, an individual;

                    Plaintiff,

vs.

LITTLE PEOPLES HEAD START OF
NEVADA d/b/a and a/k/a LITTLE
PEOPLE'S HEAD START;
EMPLOYEE(S)/AGENT(S) DOES I-X;
and ROE CORPORATIONS XI-XXX,
inclusive,

                    Defendants.

Case No.: 3:20-cv-00439-RCJ-WGC

### **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant LITTLE PEOPLE'S HEAD START OF NEVADA ("LPHS") a domestic non-profit corporation, by and through its counsel, Woodburn and Wedge, hereby answers the First Amended Complaint (the "Complaint") filed against them on July 10, 2020, by MELINDA HOMAN ("Plaintiff") as follows:

### **VENUE AND JURISDICTION**

LPHS responds to Plaintiff's Complaint as follows:

1.    Responding to paragraphs 1, 3, and 5 of the Complaint, LPHS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies said allegations.

2.    Responding to paragraph 2 of the Complaint, LPHS admits this Court has

1  concurrent jurisdiction with Federal Court, as one or more Federal Questions are alleged in

2  Plaintiff's Complaint.

3      3.    Responding to paragraph 4 of the Complaint, LPHS admits that Plaintiff designated

4  Clark Country as the venue for this proceedings, but LPHS denies that Clark County is the proper

5  venue.

6                                **PROCEDURAL REQUIREMENTS**

7      4.    LPHS repeats and realleges all admissions, denials and averments as to Plaintiff's

8  allegations 1-5 as if fully set forth herein.

9      5.    Responding to paragraph 6 of the Complaint, LPHS denies each and every

10  allegation contained therein.

11      6.    Responding to paragraph 7 of the Complaint, LPHS admits that a document entitled

12  Charge of Discrimination" is attached as Exhibit 1. To the extent the allegations seek to

13  characterize the contents of a written document, the document speaks for itself, and LPHS denies

14  the allegations to the extent they are inconsistent with the document.

15      7.    Responding to paragraph 8 of the Complaint, LPHS admits that a document entitled

16  "Notice of Right to Sue" is attached as Exhibit 4. To the extent the allegations seek to characterize

17  the contents of a written document, the document speaks for itself, and LPHS denies the

18  allegations to the extent they are inconsistent with the document.

19                                **THE PARTIES**

20      8.    LPHS repeats and realleges all admissions, denials and averments as to Plaintiff's

21  allegations 1-8 as if fully set forth herein.

22      9.    Responding to paragraph 9 of the Complaint, LPHS is without information or

23  knowledge sufficient to form a belief as to the truth of the allegations contained therein and

24  therefore denies said allegations.

25      10.    Responding to paragraph 10 of the Complaint, LPHS admits that, at all times

26  relevant hereto, it is and was a domestic non-profit corporation registered with the Nevada

27  Secretary of State.

28  // // //

11.     Responding to paragraph 11 of the Complaint, LPHS admits it was Plaintiff's employer.

12.     Responding to paragraphs 12, 13 and 16 of the Complaint, LPHS is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies said allegations.

13.     Responding to paragraphs 14 and 15 of the Complaint, LPHS denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS

14.     LPHS repeats and realleges all admissions, denials and averments as to Plaintiff's allegations 1-16 as if fully set forth herein.

15.     Responding to paragraph 17 of the Complaint, LPHS admits that Plaintiff commenced her employment with LPHS on August 8, 2010. LPHS denies each and every other allegation contained therein.

16.     Responding to paragraph 18 of the Complaint, LPHS denies each and every allegation contained therein.

17.     Responding to paragraph 19 of the Complaint, LPHS admits that a document entitled "Employee's Claim for Compensation / Report of Initial Treatment" is attached as Exhibit 2. To the extent the allegations seek to characterize the contents of a written document, the document speaks for itself, and LPHS denies the allegations to the extent they are inconsistent with the document.

18.     Responding to paragraph 20, 21, and 22 of the Complaint, LPHS denies same.

19.     Responding to paragraphs 23, 24, and 25 of the Complaint, LPHS admits that the Plaintiff was terminated effective May 31, 2018. LPHS admits that a document from LPHS dated May 31, 2018 is attached as Exhibit 3. LPHS denies all other allegations set forth in paragraphs 23, 24, and 25.

20.     Responding to paragraphs 26 and 27 of the Complaint, LPHS admits the quoted language is from LPHS's Personnel Policy. LPHS denies all other allegations set forth in paragraphs 26 and 27.

21.　　Responding to paragraph 28, LPHS denies each and every allegation contained therein.

22.　　Responding to paragraph 29 of the Complaint, LPHS admits that Plaintiff provides various documentation from medical professionals to LPHS. LPHS denies each and every other allegation contained therein.

23.　　Responding to paragraphs 29, 30, 31, 32, and 34 of the Complaint, LPHS denies each and every allegation contained therein.

24.　　Responding to paragraphs 33 and 35 of the Complaint, LPHS admits Plaintiff informed LPHS of her surgery. LPHS denies each and every other allegation contained therein.

## FIRST CLAIM FOR RELIEF

## TORTIOUS DISCHARGE

## PUBLIC POLICY OF PROTECTING EMPLOYEES WHO PURSUE WORKERS' COMPENSATION CLAIMS

25.　　LPHS repeats and realleges all admissions, denials and averments as to Plaintiff's allegations 1-35 as if fully set forth herein.

26.　　Responding to paragraph 37 of the Complaint, LPHS denies each and every allegation contained therein.

27.　　Responding to paragraphs 38 and 39 of the Complaint, LPHS admits it is aware that Plaintiff filled out a Worker's Compensation form. LPHS denies each and every other allegation contained therein.

28.　　Responding to paragraph 40 of the Complaint, LPHS denies each and every allegation contained therein.

29.　　Responding to paragraph 41 of the Complaint, LPHS admits that the Plaintiff was terminated effective May 31, 2018. LPHS denies each and every other allegation contained herein.

30.　　Responding to paragraphs 42, 43, 44, 45, 46, 47, 48, 49, and 50 of the Complaint, LPHS is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies said allegations.

// // //

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF AMERICANS WITH DISABILITIES ACT**

**42 U.S.C. § 12112 / NRS 613.310**

31.     LPHS repeats and realleges all admissions, denials and averments as to Plaintiff's allegations 1-50 as if fully set forth herein.

32.     Responding to paragraph 52 of the Complaint, LPHS is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies said allegations.

33.     Responding to paragraph 53 and 54 of the Complaint, LPHS admits Plaintiff informed LPHS of her surgery. LPHS denies each and every other allegation contained therein

34.     Responding to paragraph 55 of the Complaint, LPHS denies each and every allegation contained therein.

35.     Responding to paragraphs 56, 57, 58, 59, 60, 61, 62, 63, 64, and 65 of the Complaint, LPHS is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies said allegations.

**THIRD CLAIM FOR RELIEF**

**RETALIATION**

**42 U.S.C. § 12203 *et. seq.* and NRS 613.340**

36.     LPHS repeats and realleges all admissions, denials and averments as to Plaintiff's allegations 1-65 as if fully set forth herein.

37.     Responding to paragraphs 67, 68, 69, 70, 71, 72, 73, 74, and 75 of the Complaint, LPHS denies each and every allegation contained therein.

**FOURTH CLAIM FOR RELIEF**

**NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION**

38.     LPHS repeats and realleges all admissions, denials and averments as to Plaintiff's allegations 1-75 as if fully set forth herein.

// // //

// // //

39.     Responding to paragraphs 77, 78, and 79 of the Complaint, LPHS admits it owes a duty of reasonable care to its employees. LPHS denies each and every other allegation contained therein.

40.     Responding to paragraphs 80, 81, 82, 83, LPHS denies each and every allegation contained therein.

41.     Responding to paragraphs 84 and 85 of the Complaint, LPHS is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies said allegations.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's complaint fails to state a claim or cause of action upon which relief can be granted.

2.     Plaintiff's claims are barred by the statute of limitations.

3.     Plaintiff has failed to exhaust administrative remedies as to some or all claims and remedies.

4.     Plaintiff does not have a protected "disability" as defined by the American with Disabilities Act ("ADA").

5.     LPHS is not an employer subject to the provisions of the ADA.

6.     Plaintiff never informed LPHS that she had a disability protected by the ADA.

7.     To the extent Plaintiff had a disability protected by the ADA, Plaintiff never requested reasonable accommodation therefor.

8.     To the extent that any protected disability required LPHS to provide accommodation, LPHS did so to the full extent under the ADA.

9.     Plaintiff has failed to mitigate damages, if any, and to the extent of such failure to mitigate, is precluded from recovery herein.

10.     Plaintiff's claims are barred by the doctrine of lashes and/or the applicable statute of limitations.

11.     Plaintiff's claims are barred due to her at-will employment with LPHS.

12.     Plaintiff's claims are barred by the doctrine of unclean hands.

13.     Plaintiff did not suffer any injury or damages and any damages alleged by Plaintiff are excessive and unconscionable for the purpose for which the amounts are to be owed.

14.     Plaintiff's claims against LPHS fail to state a claim upon which attorney's fees or costs can be awarded. Further, any award of attorney fees must be limited to reasonable fees actually and necessarily incurred.

15.     Plaintiff's claims fail to allege a sufficient legal or factual basis allowing Plaintiff to recover damages punitive damages. To the extent Plaintiff claims punitive damages, liability and damages must be bifurcated for discovery and trail.

16.     LPHS at all times acted in good faith and with reasonable grounds, on the information available, that it had not violated Nevada or federal law. LPHS's actions regarding Plaintiff were taken with the good-faith belief that such actions complied with and conformed to and relied upon all applicable state and federal laws.

17.     LPHS presently has insufficient knowledge and information on which to form a belief as to whether there exist additional, as yet unstated, affirmative defenses. LPHS reserves the right to assert additional defenses or defenses of which they become knowledgeable during the course of discovery.

**PRAYER**

LPHS pray as follows:

1.     Judgment in LPHS's favor and against Plaintiff according to the evidence;

2.     That Plaintiff's Complaint be dismissed with prejudice;

3.     That Plaintiff take nothing by way of her Complaint;

4.     That LPHS be awarded their reasonable attorney fees and costs and costs of suit defending against the Complaint; and

5.     For such other and further relief as the Court may deem just and proper.

// // //

// // //

// // //

// // //

- 7 -

1

<u>**Affirmation pursuant to NRS 239B.030**</u>

2     The undersigned affirms that this document does not contain the personal information of

3  any person.

4     DATED this **29** day of July, 2020.

5                                 WOODBURN AND WEDGE

6

7                                 Ellen J. Winograd
                                  Nevada Bar No. 815
8                                 Kelsey E. Gunderson
                                  Nevada Bar No. 15238
9                                 *Attorneys for Little People's Head Start*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT was made through CM/ECF or, as appropriate, by sending a copy thereof by first-class mail from Reno, Nevada, addressed as follows:

Christian Gabroy, Esq.
Nevada State Bar No. 8805
Kaine Messer, Esq.
Nevada State Bar No. 14240
GABROY LAW OFFICES
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, NV 89012
Tel: (702) 259-7777
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

DATED this 29th day of July, 2020.

_____
Samantha Zysman